# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES L. BROWN a/k/a J. LAWRENCE BROWN, JR., <br><br> Plaintiff, <br><br> v. <br><br> GREAT NORTHERN INSURANCE COMPANY, <br><br> Defendant. | CIVIL ACTION NO. 3:05-CV-0439 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Before me is Plaintiff's Motion for Remand. (Doc. 5.) The motion alleges that the Court has no jurisdiction because the amount in controversy does not exceed $75,000. The Plaintiff filed an Affidavit with his motion. (Doc. 14.) The affidavit states that Plaintiff intends to be bound by his representation that he seeks less than $75,000 in this action. Defendant presented no extrinsic evidence and confines its arguments on the pleadings and the fair inference therefrom.

Because Defendant has met its burden to establish that jurisdiction exists by a preponderance of the evidence, *see Bassett v. Kia Motors America, Inc.*, 357 F.3d 392, 397 (3d Cir. 2004), the motion will be denied.

## DISCUSSION

Federal courts are courts of limited jurisdiction, and "in order to carry out the Congressional intent to limit jurisdiction in diversity cases, doubts must be resolved in favor of remand." *Id.* at 403 (citing cases). The burden is upon the defendant in a removal case to establish to a legal certainty that there is federal jurisdiction when the relevant facts are

not in dispute. *Id.* at 398. When there are disputes over factual matters, the preponderance of the evidence standard is "appropriate." *Id.*

The Defendant argues that the Complaint contains two counts, breach of contract and bad faith, and each seeks damages in excess of $50,000. In addition, there is a counterclaim in which the Defendant seeks a declaration that the policy in question does not cover the Plaintiff's claim. That, says Defendant, citing case law, implicates the entire or full value of the policy for jurisdictional purposes. The policy is well in excess of $75,000.

The Plaintiff has submitted an affidavit in which the Plaintiff states in part:

> 2. The Complaint filed sought payment of unpaid medical bills and services which amount to less than $2,000.00 at the present time.
>
> 3. The action requests an award of the unpaid medical bills together with reasonable attorney's fees, interest and punitive damages.
>
> 4. I do not seek damages in excess of $75,000.00, at the present time, based upon the Defendant's conduct at the time the Complaint was originally filed.
>
> 5. I acknowledge and agree that the damages sought in the above captioned matter are less than $75,000.00 and intend to be bound by my representations herein.

Thus, the Plaintiff has submitted a sworn statement that he seeks less than $75,000 in this action, and he is willing to be bound by his statement of limitations. The Defendant counters this statement with *Angus v. Shiley*, 989 F.2d 142 (3d Cir. 2002) and *Werwinski v. Ford Motor Co.*, 286 F.3d 661 (3d Cir. 2002) where, in each case, the Court held that a Plaintiff's stipulation that his or her damages do not exceed the jurisdictional amount is of no legal significance. 989 F.2d at 145 and 286 F.3d at 667.

A further component of the analysis in determining whether jurisdiction exists in a

removal case is that courts decide the amount in controversy from the complaint. 989 F.2d at 145 (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 1573 (1961)). Here the complaint contains two counts, one for breach of contract and one for bad faith. Each count seeks damages in excess of $50,000. In combination, the two counts would establish the jurisdictional amount. Plaintiff asserts that the Plaintiff's Affidavit acknowledging his total claim is less than $75,000 demonstrates the true amount in controversy and, in essence, nullifies the *ad damnum* clauses in the two counts of the Complaint. Plaintiff likens this case to *Wilbur v. H & R Block*, 170 F.Supp.2d 480 (M.D. Pa. 2000) where I held that a complaint claiming in excess of $25,000 in one count did not, in the face of an unsworn statement of plaintiff that her damages did not exceed $75,000, without more, meet the defendant's burden of establishing removal jurisdiction. The *Wilbur* case is distinguishable. There, one claim was in excess of $25,000. The plaintiff's statement can be said to have explained or clarified her clause. *See Angus v. Shiley Inc.* 989 F.2d 142, 145 n.3. In the instant case, the Complaint satisfies the jurisdictional amount. Each claim is separate and apart from the other, each seeks in excess of $50,000, and in combination, they exceed the jurisdictional amount of in excess of $75,000. The Plaintiff's affidavit in this context is not a clarification, but is rather akin to an amendment to the Complaint. It is like the stipulation in *Angus* in that it seeks to reduce the claim below the jurisdictional amount where the Complaint, as filed, establishes the jurisdictional amount. Thus, the Affidavit is without significance. *See* 989 F. 2d at 745.

    The motion for remand will therefore be denied.

An appropriate Order follows.

| | |
|---|---|
| June 6, 2005 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES L. BROWN a/k/a J. LAWRENCE BROWN, JR., <br><br> Plaintiff <br><br> v. <br><br> GREAT NORTHERN INSURANCE COMPANY, <br><br> Defendant. | NO. 3:05-CV-0439 <br><br> (JUDGE CAPUTO) |

## **ORDER**

**NOW**, this 6th day of June, 2005, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Remand (Doc. 5) is **DENIED**.

                                                                       /s/ A. Richard Caputo
                                                                       A. Richard Caputo
                                                                        United States District Judge