IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES L. BROWN, JR., a/k/a :
J. LAWRENCE BROWN, JR., :
 :
    Plaintiff, :
 : CIVIL ACTION NO. 3:CV-05-0439
vs. :
 : (JUDGE CAPUTO)
GREAT NORTHERN INSURANCE :
COMPANY, :
 :
    Defendant. :

## **MEMORANDUM**

Before me is a discovery dispute involving the issue of whether or not complete responses have been given to various discovery requests proffered by the Plaintiff. I will deal with them by number of the discovery request.

**A.    Interrogatories**

At a conference with the Court, the parties resolved Interrogatories 1, 2, 6, 8, and 15. Interrogatory No. 16 seeks identification of policies, claims manuals or similar information. This raises the question of the availability of the claims manual or claims manuals. I have decided this issue in the past, *see Mailen v. Nationwide Ins. Co.*, No. 99-CV-1900 (M.D. Pa. August 7, 2000), and I have determined that in a bad faith claim, the claims manual is discoverable, but that due to the proprietary nature of the manuals, their contents will be confidential. Other cases seem to agree. See, e.g., *Adams v. Allstate Ins. Co.*, 189 F.R.D. 331, 332-33 (E.D. Pa. 1999).

At the conference referred to above, I denied the Plaintiff's request for an answer to Interrogatory No. 18.

Interrogatory No. 19 asks whether or not Great Northern has disagreed or overruled any actions of its employees or agents who evaluated the Plaintiff's claims, to identify such action overruled, and to describe whether any employee responsible was disciplined.  At the conference, the Defendant expressed its willingness to answer this question, and I therefore consider it resolved.

Interrogatory No. 21 asks whether the Defendant has been disciplined or has signed any consent order with any insurance department in any state.  The request has been limited to request for first party benefits.  It is my view that this information is appropriate, however, the interrogatory is overly broad and I conclude that a five year period is adequate for purposes of this discovery.  Therefore I will order that this be responded to as to first party benefits for a period of five years prior to the date the suit was instituted.

**B.       Request for Production of Documents**

Request for Documents No. 4 is essentially requesting the claims manual, and I have determined, in considering Interrogatory No. 16, that it will be produced under a condition of confidentiality.

Request for Documents No. 5 requests copies of lawsuits, including pleadings. This request is simply too broad to determine whether it is relevant, and as a consequence, it will be denied.  Request for Documents No. 6 requests copies of lawsuits specifically directed to first party benefit claims alleging bad faith.  This may be relevant, and if not, may lead to the discovery of admissible evidence.  I will therefore order that these documents be produced, however they shall be limited to a period of five years prior to the institution of this action. Request for Documents No. 7 has been satisfied.

2

Request for Documents No. 8 seeks the claims manuals specifically, and again, this has been dealt with with respect to Interrogatory No. 16, and will be produced accordingly.

An appropriate Order follows.


Date: August 4, 2006             /s/ A. Richard Caputo
                                 A. Richard Caputo
                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES L. BROWN, JR., a/k/a :
J. LAWRENCE BROWN, JR., :
                               :
    Plaintiff,                :
                               :   CIVIL ACTION NO. 3:CV-05-0439
    vs.                        :
                               :   (JUDGE CAPUTO)
GREAT NORTHERN INSURANCE  :
COMPANY,                   :
                               :
    Defendant.             :

## **ORDER**

**NOW,** this 4th day of August, 2006, Plaintiff James L. Brown's Motion to Compel Discovery is GRANTED in part and DENIED in part as follows:

1.     The Defendant shall answer Interrogatory No. 16 and produce documents in response to Requests for Documents No. 4 and No. 8. The responses and documents shall be produced within twenty (20) days of the date of this Order.

2.     Interrogatory No. 21 shall be answered, however, it shall be limited to any discipline by a state governmental body or any consent order entered into with a state governmental body, and it shall be limited to a period of five (5) years prior to the date of the institution of this suit and shall concern first party benefits.

3.     Request for Documents No. 5 is denied.

4.     Request for Documents No. 6 is granted with the limitation that those documents shall cover the period five (5) years prior to the date of the institution of this action.

5. Request for Documents No. 8 is granted.

6. This Order, as it relates to the claims manuals and training materials, is covered by the condition that they shall remain confidential and shall be only viewed by counsel, the Plaintiff, and, if relevant, presented to this Court at trial. Upon the conclusion of this lawsuit, the manuals and training materials shall be returned to the Defendant. The confidentiality of the contents of the manuals and training materials shall be maintained by the Plaintiff and Plaintiff's counsel.

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge